[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14045
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-14039-JEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL ELVIDGE,
a.k.a. Paul Elvidge, Jr.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 6, 2015)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Elvidge appeals his 87-month sentence imposed following convictions for wire fraud and aggravated identity theft.  The district court imposed a four-level increase to Mr. Elvidge's offense level under U.S.S.G. § 2B1.1(b)(19)(A) because he was a registered broker and his offense conduct violated securities law.  Because this enhancement was imposed in error, we vacate the sentence and remand for resentencing.[1]

## I.

Mr. Elvidge was a registered stock broker who managed and operated a brokerage and investment firm in Port St. Lucie, Florida.  From 2010 to 2012, he fraudulently authorized wire transfers from client bank accounts to his own bank account, stealing more than $1 million.  A grand jury indicted him for 36 counts of wire fraud in violation of 18 U.S.C. § 1343 and six counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.  Mr. Elvidge pled guilty to eight counts of wire fraud and one count of identity theft.

The probation office prepared a presentence report ("PSR") in advance of Mr. Elvidge's sentencing hearing.  The PSR grouped the wire fraud counts and applied a base offense level of seven pursuant to U.S.S.G. § 2B1.1(a)(1).  The PSR then increased the offense level: by 16 levels because the loss was between $1

---

[1] We therefore need not address Mr. Elvidge's arguments that his sentence was both procedurally and substantively unreasonable.  *See United States v. Gupta*, 572 F.3d 878, 882 (11th Cir. 2009).

2

million and $2.5 million, *id.* § 2B1.1(b)(1)(I); by two levels because the offense involved between 10 and 50 victims, *id.* § 2B1.1(b)(2)(A)(i); and by four levels because the offense involved a violation of securities law and Mr. Elvidge was a registered broker. *Id.* § 2B1.1(b)(19)(A). This brought the adjusted offense level to 29. After a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), Mr. Elvidge's total offense level was 26. Mr. Elvidge had a criminal history of category I. According to the PSR, the advisory guideline range was 63 to 78 months' imprisonment as to the wire fraud counts.

In his sentencing memorandum, Mr. Elvidge objected to the enhancement under § 2B1.1(b)(19)(A), arguing that his conduct had not violated securities law. The probation officer responded to Mr. Elvidge's objection by stating that the offense "involved stealing money from his clients' brokerage accounts, which is [a] securities violation." Third Addendum to PSR. The officer also noted that the Financial Industry Regulatory Authority ("FINRA") had taken action against the defendant because of the offense conduct.

At the sentencing hearing, Mr. Elvidge reiterated his objection to the four-level sentencing enhancement. The government argued that he qualified for the enhancement because Mr. Elvidge "obviously was accessing his clients' money that he had as a broker and embezzling from those accounts and divesting that

money for himself."  Sentencing Tr., Doc. 113 at 7.  The district court agreed with

the government and approved the enhancement.

## II.

We review a district court's findings of fact for clear error and the

application of the Sentencing Guidelines to those facts *de novo*.  *United States v.*

*Lozano*, 490 F.3d 1317, 1321 (11th Cir. 2007).

## III.

Under the Guidelines, a four-level increase of the base offense level is

applied when the offense involves "a violation of securities law and, at the time of

the offense, the defendant was . . . a registered broker or dealer, or a person

associated with a broker or dealer."  U.S.S.G. § 2B1.1(b)(19)(A).  The Guidelines

define "securities law" as:

> 18 U.S.C. §§ 1348, 1350, and the provisions of law referred to in
> section 3(a)(47) of the Securities Exchange Act of 1934 . . .
> includ[ing] the rules, regulations, and orders issued by the Securities
> and Exchange Commission pursuant to the provisions of law referred
> to in such section.

*Id*. § 2B1.1, comment. (n.15(A)).  A defendant need not be convicted under

securities law in order for the enhancement to apply.  Rather, it is sufficient for a

defendant to be convicted under a general fraud statute if the underlying conduct

violated securities law, as defined by the guidelines. *Id*. § 2B1.1, comment. (n.15(B)).

Because Mr. Elvidge objected to the four-level increase, the government had the burden of establishing that the guideline applied by a preponderance of the evidence. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995). On appeal, the government has conceded that it failed to carry this burden. While the concession is not dispositive, *United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), we agree with both Mr. Elvidge and the government that the district court erred in applying § 2B1.1(19)(A).

Mr. Elvidge's conduct amounted to a basic fraud, in which he forged client signatures to authorize a transfer of money from their accounts to his. The government has not shown how this conduct violated any of the specific securities laws enumerated in the Guidelines. Instead, the government merely argued at the sentencing hearing that the enhancement applied because Mr. Elvidge was embezzling from client brokerage accounts. But the Supreme Court has stated that not every breach of fiduciary duty by a broker is a federal securities law violation, and in so doing, it specifically used embezzlement from a client account as an example of fraudulent conduct that would not violate securities law. *SEC v. Zandford*, 535 U.S. 813, 825 n.4 (2002) ("If, for example, a broker embezzles cash from a client's account or takes advantage of the fiduciary relationship to induce

5

his client into a fraudulent real estate transaction, then the fraud would not include the requisite connection to a purchase or sale of securities."). Because the government failed to show by a preponderance of the evidence that Mr. Elvidge's conduct violated any securities law, the four-level enhancement was inappropriate.

IV.

In light of the foregoing, we vacate the sentence in its entirety and remand for resentencing.

**VACATED AND REMANDED.**